**Jaspal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74827.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.[*]

Filed May 5, 2008.

Robert B. Jobe, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Julie M. Iversen, Mark C. Walters, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jaspal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying as untimely his motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002), and we grant the petition for review.

The BIA abused its discretion in denying as untimely Singh's motion to reopen. Singh reasonably relied on his former attorney's repeated fraudulent assurances that he was representing Singh in this court. Once Singh realized he had been deceived, he acted with due diligence to have new counsel review his case. *See Rodriguez–Lariz,* 282 F.3d at 1225. The former attorney, Randhir S. Kang, has since been disbarred from this court and has resigned from the state bar with charges pending.

We therefore remand to the BIA for further proceedings. *See generally INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our disposition, we need not address Singh's due process contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).